**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

|  |  |
|---|---|
| UNITED FOOD IMPORTS, INC., | |
| Plaintiff, | Civ. No. 09-2835 (DRD) |
| v. | **O P I N I O N** |
| BAROODY IMPORTS, INC., et. al., | |
| Defendants. | |

*Appearances by:*

GOTTLIEB RACKMAN & REISMAN
by: Maria A. Savio, Esq.
Barry Robert Lewin, Esq.
270 Madison Avenue
New York, NY 10016

    *Attorneys for Plaintiff,*

DUNN LAMBERT, LLC
by: Harlan L. Cohen, Esq.
The Atrium
East 80 Route 4
Paramus, NJ 07652

    *Attorney for Defendants Paradise Halal Meat, LLC and Abdelgawad Elsayed.*

**DEBEVOISE, Senior District Judge**

    This trademark infringement case regards a dispute over the use of the "Basma" mark on products sold primarily to the Middle Eastern community residing in the United States. The Plaintiff, United Food Imports, Inc. ("United Food"), is a wholesale distributor of packaged food

products imported from Egypt. United Food alleges that Defendants, Paradise Halal Meat, LLC ("Paradise Halal") and its owner and officer, Abdelgawad Elsayed (collectively, "Defendants"), infringed its rights to the Basma trademark through the unauthorized sale of goods bearing the mark. The Defendants counter that a third party, Orouba Agrifoods Processing Co. ("Orouba"), the producer of the allegedly infringing goods, is the rightful owner of the Basma mark. The Defendants' Answer to the Amended Complaint asserts three counterclaims against United Food, premised on Orouba's allegedly superior rights to the mark. The Defendants also instituted a Third Party Complaint against Orouba for contribution and indemnification. United Food filed the present motion to dismiss the counterclaims, arguing that the Defendants' counterclaims impermissibly assert a jus tertii defense, or a claim asserting that a third party has rights in the mark superior to the plaintiff's. United Food asserts that jus tertii defenses are not allowed in trademark cases; the Defendants reply that the counterclaim is not jus tertii, and that even if it is, the Court should allow it because the policy reasons for disallowing jus tertii defenses in trademark cases are inapposite in this factual landscape. In the alternative, the Defendants request that the Court construe the counterclaims as an affirmative defense. The Court will grant United Food's motion to dismiss the counterclaims because under the prudential standing doctrine, there is no reason to allow the Defendants to bring those claims on Orouba's behalf. However, pursuant to Fed. R. Civ. P. 8(c)(2), the Court will allow the Defendants to present those arguments as a defense, not precluded as jus tertii since the facts alleged allow the court to draw the reasonable inference that the Defendants are in privity with Orouba.

## I. BACKGROUND

The following are the allegations in support of the Defendants' counterclaims, which are, for the purpose of this motion only, accepted as true and construed in the light most favorable to

the Defendants.  See Phillips v. County of Allegheny, 515 F.3d 224, 233 (3d Cir. 2008).  United Food is a wholesale distributor of packaged food products imported from Egypt.  Orouba, a company based in Egypt, is the producer of the allegedly infringing goods that Paradise Halal sold.  Paradise Halal, relying on Orouba's representation that it had the right to sell Basma frozen produce, bought the goods from Orouba for distribution and resale.  Elsayed is the managing member of Paradise Halal.

The Defendants incorporated by reference all of the factual allegations Orouba included in a petition for cancellation of United Food's registration of the Basma mark.  Those allegations state that Orouba first began using the Basma mark in the United States in 1999 and owns several foreign registrations of it.  In 1998, Orouba entered into an agreement to supply United Food with goods for resale in the United States.  In September 2005, Orouba terminated the importer/distributor relationship with United Food.  After the relationship ended, United Food used packaging for its products that was nearly identical in printing style and labeling to Orouba's packaging.

In 2004, United Food filed an application for the registration of the Basma mark for various frozen fruits and vegetables with the United States Patent and Trademark Office ("PTO").  United Food stated in the application that it had been using the mark since January 1, 1998.  Orouba attempted to oppose the application, but on February 12, 2008, Orouba's opposition was dismissed with prejudice without consideration of the merits of its arguments.  The PTO registered the mark on March 18, 2008.  On March 23, 2009, Orouba filed a Petition for Cancellation of United Food's registration of the Basma trademark with the PTO ("Cancellation Proceeding").  The PTO suspended the Cancellation Proceeding in July 2009, pending the outcome of United Food Imports, Inc. v. Orouba Agrifoods Processing Co., Civ. No.

09-4484 (RJH) ("SDNY Litigation"), a civil case in which United Food asserts trademark infringement claims against Orouba.

The Amended Complaint, filed by United Food in this Court on December 15, 2009, asserts three claims, for: (1) trademark infringement under the Lanham Act, 15 U.S.C. § 1114(1); (2) unfair competition, 15 U.S.C. § 1125(a); and (3) contributory infringement. United Food seeks an injunction restraining the Defendants from infringing on the Basma trademark and engaging in unfair competition with United Food; an order requiring the Defendants to deliver up for destruction all infringing products containing the mark, pursuant to 15 U.S.C. § 1118; and an award of damages for injuries sustained by United Food as a result of Defendants' actions, all Defendants' profits attributable to the wrongful infringement, statutory damages, and costs and fees, pursuant to 15 U.S.C. § 1117.

The Answer, filed by the Defendants on January 6, 2010, asserts three counterclaims against United Food for: (1) a judgment declaring that Orouba is the rightful owner of the Basma trademark; (2) cancellation of United Food's registration of the Basma trademark, based on prior adoption and use of an identical mark, pursuant to 15 U.S.C. § 1052(d), false suggestion of a connection with Orouba, pursuant to 15 U.S.C. §1052(a), registration fraudulently obtained by United Food, 15 U.S.C. § 1064, and misrepresentation by United Food as to the source of the goods, pursuant to 15 U.S.C. § 1064(3); and (3) damages for injuries caused by fraudulent registration, pursuant to 15 U.S.C. § 1120. Additionally, the Defendants filed a Third Party Complaint for contribution and indemnification against Orouba based on its representations to the Defendants that it is the rightful owner of the Basma mark.

## II.  DISCUSSION

The Court has jurisdiction over this trademark dispute pursuant to 15 U.S.C. § 1121 and 28 U.S.C. § 1338.  The principal allegation underlying the Defendants' counterclaims is that Orouba, and not United Food, is the rightful owner of the rights to the Basma brand for frozen produce.  The Court will grant United Food's motion to dismiss the counterclaims because the Defendants do not have standing to bring claims that affirmatively assert Orouba's rights.  United Food challenges the Defendants' ability to make its arguments even in the form of an affirmative defense, on the basis that such a defense would constitute an impermissible jus tertii defense.  However, the Court will not preclude the Defendants from asserting its arguments in defense to the suit since the Court can draw the reasonable inference from the Defendants' allegations that they are in privity with Orouba.

### A.  Standard of Review

Federal Rule of Civil Procedure 12(b)(6) permits a court to dismiss a complaint for failure to state a claim upon which relief can be granted.  When considering a motion under Rule 12(b)(6), the court must accept the factual allegations in the complaint as true and draw all reasonable inferences in favor of the plaintiff.  Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 (3d Cir. 1997).  The court's inquiry "is not whether plaintiffs will ultimately prevail in a trial on the merits, but whether they should be afforded an opportunity to offer evidence in support of their claims."  In re Rockefeller Ctr. Prop., Inc., 311 F.3d 198, 215 (3d Cir. 2002).

The Supreme Court recently clarified the standard for a motion to dismiss under Rule 12(b)(6) in two cases: Ashcroft v. Iqbal, 129 S. Ct. 1937 (2009), and Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007).  The decisions in those cases abrogated the rule established in Conley v. Gibson, 355 U.S. 41, 45-46 (1957), that "a complaint should not be dismissed for

failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim, which would entitle him to relief." In contrast, the Court in Bell Atlantic held that "[f]actual allegations must be enough to raise a right to relief above the speculative level." 550 U.S. at 545. The assertions in the complaint must be enough to "state a claim to relief that is plausible on its face," id. at 570, meaning that the facts alleged "allow[] the court to draw the reasonable inference that the defendant is liable for the conduct alleged." Iqbal, 129 S. Ct. at 1949; see also, Phillips v. County of Allegheny, 515 F.3d 224, 234-35 (3d Cir. 2008) (in order to survive a motion to dismiss, the factual allegations in a complaint must "raise a reasonable expectation that discovery will reveal evidence of the necessary element," thereby justifying the advancement of "the case beyond the pleadings to the next stage of litigation.").

When assessing the sufficiency of a complaint, the court must distinguish factual contentions – which allege behavior on the part of the defendant that, if true, would satisfy one or more elements of the claim asserted – from "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." Iqbal, 129 S. Ct. at 1949. Although for the purposes of a motion to dismiss the court must assume the veracity of the facts asserted in the complaint, it is "not bound to accept as true a legal conclusion couched as a factual allegation." Id. at 1950. Thus, "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." Id.

**B.     The Defendants' Counterclaims**

A counterclaim is essentially its own action. To bring a claim, a party must have standing to sue. Here, the Defendants are attempting to bring claims against United Food on behalf of Orouba. In fact, the claims—for (1) a judgment declaring that Orouba is the rightful

6

owner of the Basma trademark, (2) cancellation of United Food's registration of the Basma trademark, based on Orouba's use of the mark, and (3) damages for injuries to Orouba caused by United Food's allegedly fraudulent registration—are exactly the same claims that Orouba has brought against United Food itself in the cancellation proceeding before the PTO. Based on principles of standing, a party may only bring claims on behalf of a third party under very specific circumstances.

The longstanding basic rule of third party standing is that "in the ordinary course, a litigant must assert his or her own legal rights and interests, and cannot rest a claim to relief on the legal rights or interests of third parties." Powers v. Ohio, 499 U.S. 400, 410 (1991). The rule serves at least two judicial purposes. "First, the rule fosters judicial restraint: courts faced with unsettled questions avoid pronouncements that are perhaps unnecessary and undesirable because the rightholders do not wish to assert their rights." Amato v. Wilentz, 952 F.2d 742, 748 (3d Cir. 1991) (citing Secretary of State of Maryland v. Munson, 467 U.S. 947, 955 (1984). "Second, the rule assures concrete, sharp presentation of the issues and enables courts to avoid ruling on abstract grievances." Id. Generally, the third party will be the best advocate of its own position, whereas the party attempting to assert the rights of another "may place a slightly different, self-interested 'spin' on its presentation." See id.

There are exceptions to the general rule against third party standing, since it does not reflect an Article III case or controversy requirement, but stems from prudential concerns. Id. "Accordingly, in limited circumstances where the policies supporting the general rule are not served, the Supreme Court has approved third party standing." Id. (citing Singleton v. Wulff, 428 U.S. 106, 114-15 (1976) (plurality opinion)). Where rightholders are unable to raise their own rights and their relationship with the plaintiff suggests an identity of interests, courts can be

more certain that the litigation is necessary and that the issues will be framed clearly and effectively.  Id. (citing Singleton, at 114-16).

Here, no such exception to the prudential rule against third party standing applies. Orouba is not unable to assert its own rights; to the contrary, it has already asserted the very rights the Defendants seek to assert, in a Cancellation Proceeding before the PTO.  Additionally, Orouba might be able to assert its affirmative claims as counterclaims against United Food in the SDNY litigation.  Since Orouba is able to assert its own rights against United Food directly, the Court sees no reason to make an exception to the prudential standing doctrine.  The counterclaims are dismissed.

**C.     Whether to Designate the Counterclaims as an Affirmative Defense**

The Defendants argue that if the Court decides to dismiss their counterclaims, then in the alternative, the Court should allow the Defendants to assert their arguments based on Orouba's rights in the form of a defense, rather than a counterclaim.  In support of their request, the Defendants cite to Fed. R. Civ. P. 8(c)(2), which states that:  "[i]f a party mistakenly designates…a defense as a counterclaim, the court must, if justice requires, treat the pleading as though it were correctly designated, and may impose terms for doing so."  United Food responds that the Defendants should not be allowed to assert any arguments regarding Orouba's rights, because such an assertion would constitute a jus tertii defense.  The Court will not preclude the Defendants from asserting their arguments based on Orouba's rights as a defense to the suit.

Both parties cite principally to 6 J. Thomas McCarthy, McCarthy on Trademarks and Unfair Competition § 31:157-160 (4th ed. 2009), a leading treatise on trademark law, in support of their respective arguments.  The McCarthy treatise quotes a Trademark Board decision to explain why jus tertii defenses are disfavored:

8

> The fact that the third persons might possess some rights in their respective marks which they could possibly assert against petitioner in a proper proceeding can avail respondent nothing herein since respondent is not in privity with nor is the successor in interest to any rights which such persons have acquired in their marks….[P]etitioner need not have exclusive rights in a mark in order to seek to [assert its rights against the respondent]….That is, the conflict here is between petitioner and the respondent and not between petitioner and the world.

McCarthy, §31:160 (quoting Krug Vins Fins de Champagne v. Rutman Wine Co., 197 U.S.P.Q. 572 (T.T.A.B. 1986)).

The McCarthy treatise explains the policy rationale for the prohibition on jus tertii defenses when the third party is not in privity with the defendant:

> So long as a plaintiff proves rights superior to defendant, that is enough. Defendant is no less an infringer because it is brought to account by a plaintiff whose rights may or may not be superior to the whole world. The plaintiff's speculative dispute with a third party does not concern the defendant. To permit a jus tertii defense would be unwise judicial policy because it would expand many trademark disputes far beyond a mere two-party conflict. Before plaintiff could prevail, it would have to prove that it was not an infringer of one or more third parties that the defendant can conjure up….A case could be expanded beyond reasonable bounds and effectively slowed to a crawl.

Id. "Jus tertii in the trademark context arises when defendant alleges that plaintiff has no 'title' because plaintiff itself is an infringer of a third party with rights allegedly superior to plaintiff." McCarthy, § 31:157. Thus, "[d]efendant in effect argues that, 'Somebody has a right to sue me, but it's not you." McCarthy, § 31:158.

The Court of Appeals for the Third Circuit has not addressed the question of a jus tertii defense in a trademark case, but this Court has considered the issue in two cases. In Eagle Snacks, Inc. v. Nabisco Brands, Inc., 625 F. Supp. 571, 578-79 (D.N.J. 1985), the Court denied Nabisco's motion to dismiss the complaint for failure to join an indispensible party because the Court found that the motion was an attempt to raise a jus tertii defense. In that case, the plaintiff sought to enjoin Nabisco's use of the words "honey roast" because the plaintiff claimed to own a

common law trademark to the name of its honey roasted peanuts. Id. at 574. In its dispute with the plaintiff, Nabisco sought to include as an indispensible party an unrelated snack food company that had opposed the plaintiff's registration of the honey roasted mark and was still involved in proceedings before the Trademark Trial and Appeal. Id. The Court cited the McCarthy treatise in support of its decision not to dismiss the complaint for failure to join the other snack food company, placing emphasis on the point that "[s]o long as plaintiff proves rights superior to the defendant, that is enough."

In Specialty Measurements, Inc. v. Measurement Systems, Inc., 763 F. Supp. 91, 94-95 (D.N.J. 1991), the Court, in considering a motion for a preliminary injunction filed by the plaintiff, rejected the argument that since the plaintiff had failed to assert that its rights were superior to the rights of other third-party users of the mark, it did not own protectable rights in the mark. Id. The Court wrote that the defendant's argument was merely an attempt by to raise a jus tertii defense and held that "jus tertii, or raising the rights of third parties, should not be allowed as a defense in any trademark case." Id.

The Defendants in the present matter argue that the policy reasons for the jus tertii rule in the trademark context do not apply here. In support of this argument, the Defendants argue that "courts emphasize their desire to avoid bringing in new parties to existing litigation," but state that here, Orouba is not a third party because United Food is already suing Orouba in the SDNY Litigation. (Dfts Opp'n Br. 7.) The Defendants appear to have misread Eagle Snacks, in which the third party whose rights the Court did not allow the defendant to assert was involved in an opposition proceeding before the Trademark Trial and Appeal Board with the plaintiff when the motion was decided. Thus, Eagle Snacks actually provides support for United Food's position, since in that matter, even when the third party was involved in a proceeding with the plaintiff in

another case, the Court did not allow the defendant to assert a jus tertii defense against the plaintiff.

The Defendants are correct that the cases cited by United Food are not entirely analogous to the present case. Namely, in both Eagle Snacks and Specialty Measurements, no relationship exists between the defendant and the third party whose rights the defendant sought to bring to light. In this matter, on the other hand, Orouba's relationship with the Defendants appears to be a contractual one, in that Orouba supplied the Defendants with the allegedly infringing goods. Thus, the McCarthy treatise's caveat that "only if defendant can prove privity with the third party would defendant be able to claim some entitlement to the priority rights of that third party" is applicable here. See McCarthy, § 31:160.

The McCarthy treatise cites Lapinee Trading, Inc. v. Paleewong Trading Co., 687 F. Supp. 1262, 1264 (N.D. Ill. 1988), aff'd, 876 F.2d 106 (7th Cir. 1989), as one of "many authorities" that have recognized the defense when the defendant is in privity with the third party. In that case, the District Court for the Northern District of Illinois, in its consideration of an application for a preliminary injunction, explained the exception to the general prohibition of jus tertii defenses in trademark cases, where a contractual arrangement puts the defendant and the third party in privity. The Northern District of Illinois stated that "[t]he rights of third parties in their respective marks do not inure to defendants in the absence of a showing of privity or successor-in-interest status with respect to such rights." Id. (quoting Real Property Management, Inc. v. Marina Bay Hotel, 221 U.S.P.Q. (BNA) 1187, 1191 (T.T.A.B. 1984)). "Therefore, if a third party permits a defendant to use a trademark as part of a contractual arrangement, the defendant can avoid liability for trademark infringement by invoking the superior trademark rights of the third party." Id. The contractual relationship between the defendant and the third

11

party in that case was between an exporter (the third party) and its exclusive distributor in California (the defendant).

In <u>Diarama Trading Co. v. J. Walter Thompson U.S.A</u>, 2005 U.S. Dist. LEXIS 19496, 34-35 (S.D.N.Y. Sept. 6, 2005), <u>aff'd</u>, 194 Fed. Appx. 81 (2d Cir. 2006), the District Court for the Southern District of New York found that the requisite authorization necessary to invoke a <u>jus tertii</u> defense existed, since the third party and the various defendants had an implicit contract authorizing the defendants' use of the third party's rights in the acronym alleged to infringe on the plaintiff's trademark.  The Southern District of New York cited <u>Lapinee Trading</u> for the proposition that in cases where one party is relying on the superior trademark rights of another party to establish their own priority of use in the mark, the only requirement is that the party with superior trademark rights "permit[ed] a defendant to use a trademark as part of a contractual agreement."

In <u>Tanning Research Laboratories, Inc. v. Worldwide Import & Export Corp.</u>, 803 F. Supp. 606, 609 (E.D.N.Y. 1992), the Defendant bought and sold at its store in Brooklyn, New York products from a Venezuelan producer that once had a license to manufacture Hawaiian Tropic products.  The District Court for the Eastern District of New York Court allowed the defendant to present the defense that it had believed that the Venezuelan company was an authorized manufacturer of Hawaiian Tropic products.  The Court rejected the argument on their merits in its consideration of a motion for summary judgment.

In the present matter, the facts alleged by the Defendants appear, at this initial stage, to raise a proper defense based on Paradise Halal's manufacturer/distributor relationship with Orouba.  The pleadings indicate that the relationship is contractual, such that the Defendants are

in privity with Orouba.  Thus, the Court will not bar the Defendants at this stage in the litigation from presenting its arguments as a defense to the suit.

### III.  CONCLUSION

For the foregoing reasons, the Defendants' three counterclaims are dismissed, but the Defendants will not be precluded at the pleading stage from presenting their argument based on Orouba's rights as an affirmative defense since the allegations allow the Court to draw the inference that the Defendants are in privity with one another.  The Court will enter an order implementing this opinion.

        **s/ Dickinson R. Debevoise**
DICKINSON R. DEBEVOISE, U.S.S.D.J.

Dated: April 6, 2010