**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNITED FOOD IMPORTS, INC., | Civ. No. 09-2835 (DRD) |
| Plaintiff, | |
| v. | **O P I N I O N** |
| BAROODY IMPORTS, INC., et. al., | |
| Defendants. | |

*Appearances by:*

GOTTLIEB RACKMAN & REISMAN
by:   Maria A. Savio, Esq.
      Barry Robert Lewin, Esq.
270 Madison Avenue
New York, NY 10016

   *Attorneys for Plaintiff,*

BALLON STOLL BADER & NADLER, P.C.
by:   Paul Marchisotto
729 Seventh Avenue
New York, NY 10019

   *Attorney for Defendants Paradise Halal Meat, LLC and Abdelgawad Elsayed.*

**DEBEVOISE, Senior District Judge**

This trademark infringement action arises out of competing uses of the "Basma" brand name on frozen food products. The Plaintiff, United Food Imports, Inc. ("United Food"), is a wholesale distributor of packaged food imported from Egypt. United Food alleges that Defendants, Paradise Halal Meat, LLC ("Paradise Halal") and its owner and operator, Abdelgawad Elsayed (collectively, "Defendants"), infringed its rights to the Basma trademark through the unauthorized sale of counterfeit goods bearing the name and associated graphics. Defendants contend that a third party, Orouba Agrifoods Processing Co. ("Orouba"), the producer of the allegedly infringing goods, is the rightful owner of the Basma trademark. Plaintiff counters that Orouba's claims over the Basma trademark have been twice ruled invalid by the United States Patent and Trademark Office's Trademark Trial and Appeal Board ("TTAB").

Plaintiff now moves for summary judgment on liability. For the reasons discussed below, Plaintiff's motion is GRANTED.

## I. BACKGROUND

Plaintiff United Food is a wholesale distributor of packaged food products imported from Egypt. (Def. SOF ¶ 1). United Food markets the products primarily to the Middle Eastern community in the United States. Id. at ¶ 2. Plaintiff distributes goods under the trademark "Basma," which means "smile" in Arabic. The Basma trademark and associated packaging and graphics have been registered with the United States Patent and Trademark Office ("USPTO") under registration number 3,398,369. (Pl. Ex. 1).

Defendant Paradise Halal is a retailer and wholesale distributer of packaged foods. (Def. SOF ¶ 4). Paradise Halal is owned and controlled by Defendant Abdelgawad Elsayed. Id. at ¶ 6.

2

In 2004, Paradise Halal began distributing products bearing the Basma trademark with packaging and graphics that are substantially identical to those used by Plaintiff. (Pl. Exs 2A, 2B). Paradise Halal also displayed the Basma logo on its delivery trucks. (Def. SOF ¶ 23). In addition, in 2009, Paradise Halal took out an advertisement in a newspaper claiming that it was the exclusive distributor of Basma branded products in the United States. Id. at ¶ 22. Plaintiff submits that these actions constitute trademark infringement and unfair competition as prohibited under the Lanham Act, 15 U.S.C. § 1051 *et seq*.

Notably, Defendants do not dispute their use of the Basma trademark to sell goods within the United States. (Def. SOF ¶¶ 20-23). Defendants instead contest the validity of United Food's ownership of the mark. Defendants claim that the Basma trademark was first used by Orouba, an Egyptian company that registered the mark in Egypt, Turkey, United Arab Emirates, and Germany.[1] Defendants contend that they have entered into contracts with Orouba that give them the exclusive right to distribute Basma branded products within the United States. (Def. Br. 6). Defendants further claim that Orouba representatives told them that Plaintiff's good were "forged" or "counterfeit" goods smuggled into the United States through Italy. Id. at 12-13.

Orouba is not a party to this action, but has twice sought to prevent United Food from using the Basma trademark in the United States. In 2004, when United Food applied for the registration of the Basma trademark, Orouba attempted to oppose the application. (Pl. Ex. 4). But despite being served with an order to show cause warning that the case would be dismissed, Orouba never provided any evidence to support its opposition. (Pl. Ex. 6). On February 12, 2008, Orouba's opposition was dismissed with prejudice by the TTAB. (Pl. Ex. 7). On March 23, 2009, Orouba filed a Petition of Cancellation, again attempting to terminate United Foods's Basma

---

[1] Indeed, Defendants claim that from 1998-2005, Orouba supplied United Food with Basma branded goods for resale in the United States.

3

trademark. (Pl. Ex. 8). This petition was also dismissed with prejudice in an opinion by the TTAB dated December 28, 2010. (Pl. Ex. 11).

Plaintiff brought this infringement action against Defendants on June 11, 2009. (Doc. No. 1). Defendants filed an answer with counterclaims asserting Orouba's rights to the Basma trademark on January 6, 2010. (Doc. No. 20). In an opinion dated April 6, 2010, this Court dismissed Defendant's counterclaims, but permitted Defendants to assert defenses based on its relationship with Orouba and the alleged superiority of Orouba's claims over the Basma trademark. (Doc. No. 36). Defendants also filed a Third Party Complaint for contribution and indemnification against Orouba based on its representations to the Defendants that it is the rightful owner of the Basma mark. However Defendants never effected service of the Third Party Complaint. (Doc. No. 68). Nor have Defendants proffered any documentary evidence of either Orouba's superior rights or their ability to assert them.

On the basis of these facts, Plaintiff moves for summary judgment.

## II. DISCUSSION

**A.    Standard of Review**

Summary judgment is proper where "there is no genuine issue as to any material fact and . . . the moving party is entitled to judgment as a matter of law." Rule 56(a). For an issue to be genuine, there must be "a sufficient evidentiary basis on which a reasonable jury could find for the non-moving party." Kaucher v. County of Bucks, 455 F.3d 418, 423 (3d Cir. 2006). For a fact to be material, it must have the ability to "affect the outcome of the suit under governing law." Id. Disputes over irrelevant or unnecessary facts will not preclude a grant of summary judgment.

In a motion for summary judgment, the moving party has the burden of showing that no genuine issue of material fact exists. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). When the moving party does not bear the burden of proof at trial, the moving party may discharge its burden by showing that there is an absence of evidence to support the non-moving party's case. Id. at 325. If the moving party can make such a showing, then the burden shifts to the non-moving party to present evidence that a genuine issue of fact exists and a trial is necessary. Id. at 324. In meeting its burden, the non-moving party must offer specific facts that establish a genuine issue of material fact and do not merely suggest "some metaphysical doubt as to the material facts." Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986).

A party must support its assertions that a fact cannot be or is genuinely disputed "by (A) citing to particular parts of materials in the record…or (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Rule 56(c)(1). If a party "fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may…(2) consider the fact undisputed for purposes of the motion…" Rule 56(e).

In deciding whether an issue of material fact exists, the Court must consider all facts and their reasonable inferences in the light most favorable to the non-moving party. See Pa. Coal Ass'n v. Babbitt, 63 F.3d 231, 236 (3d Cir. 1995). The Court's function, however, is not to weigh the evidence and determine the truth of the matter, but, rather, to determine whether there is a genuine issue for trial. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986). If there are no issues that require a trial, then judgment as a matter of law is appropriate.

To prevail on a claim of trademark infringement or unfair competition, a Plaintiff must prove that "(1) its mark is valid and legally protectable; (2) it owns the mark; and (3) the defendant's use of the mark to identify its goods or services is likely to create confusion concerning the origin of those goods or services." Commerce Nat. Ins. Services, Inc. v. Commerce Ins. Agency, Inc., 214 F.3d 432, 437 (3d Cir. 2000).[2] Registration with the USPTO is prima facie evidence of ownership and validity. 15 U.S.C. § 1115(a).

Here the use of packaging and materials identical to the Basma mark is admitted by the Defendants. (Def. SOF ¶¶ 20-23). This concurrent use of identical packaging for identical products makes consumer confusion virtually guaranteed. Pappan Enterprises, Inc. v. Hardee's Food Systems, Inc., 143 F.3d 800, 804 (3d Cir. 1998) ("where the identical mark is used concurrently by unrelated entities, the likelihood of confusion is inevitable").[3] As such, the only issue before the Court is whether United Foods has a valid claim on the Basma trademark. As detailed below, this precise dispute has already been resolved—twice—by the TTAB and the holding of that court precludes contrary claims by the parties to this action.

**B.    Prior Use**

Defendants advance only two arguments in their brief. First Defendants argue that the Basma trademark properly belongs to Orouba and that United Foods procured its trademark registration through fraud. (Def. Br. 10). In the alternative, Defendants claim that they were

---

[2]    See also A & H Sportswear, Inc. v. Victoria's Secret Stores, Inc., 237 F.3d 198, 211 (3d Cir. 2000) ("We measure federal trademark infringement, 15 U.S.C. § 1114, and federal unfair competition, 15 U.S.C. § 1125(a)(1)(A), by identical standards. To prove either form of Lanham Act violation, a plaintiff must demonstrate that (1) it has a valid and legally protectable mark; (2) it owns the mark; and (3) the defendant's use of the mark to identify goods or services causes a likelihood of confusion.") (internal citations omitted).

[3]    In addition, Defendants do not dispute that consumers are likely to be confused by the virtually identical Basma products sold by United Food and Paradise Halal. (Def. SOF ¶¶ 24-25)

deceived by Orouba and should not be held responsible for their continued infringement of the Basma trademark. Id. at 12.

Defendants present no evidence that the Basma trademark belongs to Orouba. Defendant's sole proof of this claim is a statement made by Nabil Imam, the principal of United Food, during his October 20, 2010 deposition. Defendants claim that Mr. Imam admitted that Orouba sold products branded under the Basma name in the United States. (Def Br. 1-8). However, this is simply incorrect—the deposition transcript clearly states that Orouba sold Basma products in Egypt, not the United States. (Def. Ex. B, 87:16-24). The foreign use of a trademark has no bearing on the validity of that mark within the United States. Sadhu Singh Hamdard Trust v. Ajit Newspaper Advertising, Marketing and Communications, Inc., 394 Fed. App'x. 735, 736 (2d Cir. 2010) ("foreign use is ineffectual to create trademark rights in the United States"); see also 5 J. MCCARTHY, TRADEMARKS AND UNFAIR COMPETITION § 29:2 ("Priority of trademark rights in the United States depends solely upon priority of use in the United States, not on priority of use anywhere in the world. Prior use in a foreign nation does not establish priority of use in America").

Defendants also claim that the Basma trademark was used by an entity called Faragalla Food, Inc. ("Faragalla") prior to Plaintiff's registration with the USPTO. (Def. Br. 2). Defendants argue that this prior use invalidates Plaintiff's claims on the mark. However Plaintiff has introduced evidence that Faragalla is merely the predecessor in interest to United Food. (Pl. Ex. 19, 52-54). Defendants have offered no evidence challenging this contention, nor have they demonstrated that this information was fraudulently withheld from the USPTO when the Basma registration was granted.

7

Even if Defendants had presented credible evidence that Orouba had a superior claim on the Basma trademark, they would still be incapable of asserting those rights against United Food. The very ownership claims that Defendants now assert were already the subject of final judgments entered against Orouba by the TTAB on February 12, 2008 and March 23, 2009. (Pl. Exs. 7, 11). Decisions of the TTAB are entitled to preclusive effect in federal district courts. Jean Alexander Cosmetics, Inc. v. L'Oreal USA, Inc., 458 F.3d 244, 257 (3d Cir. 2006) ("We follow the rule of the First Restatement of Judgments and give preclusive effect to the TTAB's alternative holding").

Defendants cannot avoid res judicata simply because the first decision against Orouba was the result of a failure to prosecute a claim.[4] Nor may Defendants reargue the TTAB decisions because they were not parties to the actions. To the contrary, Defendants claim to be in privity with Orouba and assert various rights on that basis. (Def. Br. 4). But privity "is merely a word used to say that the relationship between one who is a party on the record and another is close enough to include that other within the res judicata." Bruszewski v. United States, 181 F.2d 419, 423 (3d Cir.), cert. denied, 340 U.S. 865 (1950). A party asserting the rights of another by virtue of privity is bound by judicial prior determinations concerning the rights of that party.

---

[4]  See International Nutrition Co. v. Horphag Research, Ltd., 220 F.3d 1325, 1329 (Fed. Cir. 2000) ("default judgments can give rise to res judicata."); Nasalok Coating Corp. v. Nylok Corp., 522 F.3d 1320, 1330 (Fed. Cir. 2008) ("It is well established that "[a] default judgment can operate as res judicata in appropriate circumstances."). Defendants argue that the decisions were "not on the merits." But a dismissal "with prejudice" is a merits determination. Lawlor v. National Screen Service Corp., 349 U.S. 322, 327 (1955) ("It is of course true that the 1943 judgment dismissing the previous suit 'with prejudice' bars a later suit on the same cause of action."). Moreover, the December 28, 2010 TTAB opinion explicitly held that the prior ruling of the TTAB was a dismissal on the merits intended to preclude future claims. (Pl. Ex. 11, p. 14).

Indeed, in E.E.O.C. v. United States Steel Corp., 921 F.2d 489, 493 (3d Cir. 1990), the Court of Appeals held that a representative who asserts claims belonging to another party through privity is bound by previous decisions against that party, writing that:

> Litigation involving a representative party may have claim preclusive effects in two ways. If the representative party litigates first, subsequent litigation involving persons on whose behalf the representative appeared may be precluded. *Id.* Conversely, if a person first litigates in his own behalf, that person may be precluded from claiming any of the benefits of a judgment in a subsequent action that is brought or defended by a party representing him. …
>
> With respect to this latter situation, the *Restatement (Second) of Judgments* aptly states: "A person who appears in his own behalf in litigation has had his day in court and is bound by the judgment. Just as he may not himself relitigate the claim thus decided, neither may he do so in a subsequent action prosecuted or defended through a representative." *Restatement (Second) of Judgments,* § 42(2) comment g (1980). In short, the doctrine of claim preclusion applies symmetrically to instances in which litigation by a representative precedes individual litigation and to those instances in which the opposite sequence occurs.
>
> Id. (internal citations omitted).

The instant case is no different. Here, Paradise Halal and Mr. Elsayed[5] are acting as proxies for Orouba in a trademark dispute between it and United Food. Indeed, Defendants sought initially to advance counterclaims belonging to Orouba in connection with their answer. (Doc. No. 20). Having hitched their wagon to the Orouba star, Defendants are wedded to its fate. Defendants arguments against the validity and/or ownership of Basma trademark by United Food are precluded as a matter of law.

### C. Intent/Deception

Defendants also claim that they were deceived by Orouba concerning its rights to the Basma trademark. (Def. Br. 12-13). Defendants contend that this deception immunizes them

---

[5] In their papers and at oral argument, Defendants have argued that Mr. Elsayed should not be held personally liable for the Basma infringement. However Defendants have admitted that Mr. Elsayed "supervised and participated in" the infringing acts. (Def. SOF ¶ 26). As such, they have conceded his personal liability.

from liability for trademark infringement or unfair competition. Id. This argument is unavailing. First, intent is not a prerequisite to liability under the Lanham Act. Sabinsa Corp. v. Creative Compounds, LLC, 609 F.3d 175, 187 (3d Cir. 2010) ("Evidence of a defendant's intent is not a prerequisite for finding a Lanham Act violation").[6] Plaintiff is not obligated to prove that Defendants knew that their actions constituted infringement, nor are Defendants entitled to plead ignorance as a defense. Second, Plaintiff's registration of the Basma mark has been on file with the USPTO since March 18, 2008. Federal registration of a trademark gives rise to constructive notice as to its ownership and a rebuttable presumption of its validity.[7] Defendants could not reasonably rely upon the self-serving averments of a foreign corporation when charged with knowledge of Plaintiff's superior rights under United States law. Third, Defendants were served with a copy of Plaintiff's complaint on June 19, 2009. Defendants cannot reasonably claim ignorance as to the consequences of their actions once Plaintiff filed suit against them.

Plaintiff has presented unrefuted evidence of its ownership of the Basma trademark and Defendants' multiple acts of infringement using an identical mark. Defendants contest neither

---

[6] That said, whether Defendants' infringement was willful is a significant factor in calculating whether monetary damages, treble damages, or disgorgement of profits are available to Plaintiff. See Banjo Buddies, Inc. v. Renosky, 399 F.3d 168, 175 (3d Cir. 2005) (factors relevant to trademark infringement damages include "include, but are not limited to (1) whether the defendant had the intent to confuse or deceive, (2) whether sales have been diverted, (3) the adequacy of other remedies, (4) any unreasonable delay by the plaintiff in asserting his rights, (5) the public interest in making the misconduct unprofitable, and (6) whether it is a case of palming off.").

[7] 15 U.S.C. § 1072 provides that "[r]egistration of a mark on the principal register provided by this chapter … shall be constructive notice of the registrant's claim of ownership thereof." Similarly, 15 U.S.C. § 1115(a) provides that "[a]ny registration …of a mark registered on the principal register provided by this chapter and owned by a party to an action shall be admissible in evidence and shall be prima facie evidence of the validity of the registered mark and of the registration of the mark, of the registrant's ownership of the mark, and of the registrant's exclusive right to use the registered mark in commerce on or in connection with the goods or services specified in the registration subject to any conditions or limitations stated therein".

the use of the mark, nor the likelihood of consumer confusion. Defendants' only proffered defenses are either precluded by res judicata or defective as a matter of law. Consequently, Defendants are liable to Plaintiff for trademark infringement and unfair competition.

### III. CONCLUSION

For the foregoing reasons, Plaintiff's motion is GRANTED. The Court will enter an Order implementing this Opinion and enjoining further infringement.

s/ Dickinson R. Debevoise<br>
DICKINSON R. DEBEVOISE, U.S.S.D.J.

Dated: June 8, 2011